## THE KNICKERBOCKER.

DARLING v. THE KNICKERBOCKER et al.

(District Court, E. D. New York. January 25, 1894.)

MARITIME LIENS—SUPPLIES—DREDGES, SCOWS, ETC.

A dredge, tugs, scows, water boats, etc., composing a dredging plant, cannot be treated as a single vessel, so that supplies furnished to any one of them, without showing which, will constitute a lien payable out of the proceeds of all, under the New York statute giving a lien upon a domestic vessel for provisions supplied to such vessel.

Eighteen libels were filed against a fleet of boats composing a dredging plant,—a tug, a dredge, several scows, water boats, etc.,—for wages, for supplies, for repairs, and for other services. The libels for wages were consolidated by order of court, and, no one opposing, a decree was made for the amounts found due. The men were hired to work on the plant, and served indiscriminately on all the boats. Several libels for towage of the dredge and scows back and forth from New York to Port Jefferson Harbor, on Long Island Sound, where a contractor employed the plant in dredging work for some time, were also filed; and, without opposition, decree was also made for the sums found due for towage. The fleet was sold by order of the court, and the proceeds of sale paid into court as a single fund. Subse-

quently judgment creditors of the contractor intervened for their interest, and, without contest as to the other claims, or objection to their payment out of the fund, opposed the libels for supplies and repairs, claiming that there was no lien therefor on the fleet conjointly, as a domestic vessel. The opinion given below in one case was considered to control them all, and the others were thereafter discontinued. The remainder of the fund in court was then paid to the judgment creditors on their petition.

Thos. J. Ritch, Jr., for certain libelants.

Alexander & Ash, for other libelants and for interveners.

BENEDICT, District Judge. This is an action to enforce a lien upon the above vessels jointly, for supplies furnished by the libelant. He claims a lien by virtue of the statute of the state of New York, the vessels being domestic vessels. The theory of the libel seems to be that this fleet of boats should be treated as one vessel, and, the supplies in question having been bought for the fleet (although used on some of the vessels, and not on others), this gives the libelant a lien therefor upon all of the vessels jointly. This proposition cannot be maintained. The statute of the state of New York creates a lien upon a vessel for provisions supplied to such vessel, and not otherwise. It is impossible to say from the evidence here what part of the supplies in question, or whether any of them, was used to provision any particular vessel. The evidence will not permit holding that the vessels proceeded against were so employed as to constitute in law a single vessel; but, if such a case be possible, the statute of the state makes no provision for a lien upon several vessels so employed. The testimony fails to designate the vessel which was supplied with provisions furnished by the libelant. Doubtless, the provisions were used to supply the needs of men employed on some of the vessels proceeded against, but which of the vessels was supplied by the libelant does not appear. The libel must be dismissed, but without costs.